LYONS & FLOOD, LLP
65 West 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

Attorneys for Defendant
STAR SHIPPING A/S

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
BALTA US INC.,

                     Plaintiff,

- against -

STAR SHIPPING A/S, M/S STAR HANSA,
her engines, boilers, etc., TRANSPAC
CONTAINER SYSTEM LTD doing business
as BLUE ANCHOR LINE, and KUEHNE &
NAGEL, INC.,

                     Defendants.
-----------------------------------------------------------------X

**ECF CASE**

07 Civ. 4836 (PKL)

## ANSWER TO COMPLAINT

Defendant STAR SHIPPING A/S ("STAR"), by its attorneys Lyons & Flood, LLP, for its Answer to plaintiff's Complaint alleges, upon information and belief, as follows:

### ANSWER TO GENERAL ALLEGATIONS

1.    Admits the allegations contained in paragraph 1 of the Complaint.

2.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 2, 4, 5, and 8 of the Complaint.

3.    Admits that defendant STAR is a corporation organized and existing under and by virtue of the laws of a foreign sovereign, but except as so specifically admitted

herein, denies the remaining allegations of paragraph 3 of the Complaint.

4. Admits that defendant STAR chartered the M/V STAR HANSA, but except as so specifically admitted herein, denies the remaining allegations of paragraph 6 of the Complaint.

5. Admits that defendant STAR was engaged in business as a carrier of cargo for hire, but except as so specifically admitted herein, denies the remaining allegations of paragraph 7 of the Complaint.

## ANSWER TO FIRST CAUSE OF ACTION

6. In response to the allegations contained in paragraph 9 of the Complaint, repeats and realleges the admissions, denials, and denials knowledge or information contained in paragraphs 1 through 5 of the Answer to the Complaint with the same force and effect as if repeated and set forth at length herein.

7. Admits that on or about January 28, 2006, at the port of Antwerp, a shipment as described in the bill of lading was shipped on board the M/V STAR HANSA for transportation to Los Angeles, but except as so specifically admitted herein, denies the remaining allegations contained in paragraph 10 of the Complaint.

8. Denies the allegations contained in paragraphs 11, 13, and 14 of the Complaint.

9. Admits that the shipment was discharged in Florida and transferred to a container for transportation to California, but except as so specifically admitted herein, denies the remaining allegations contained in paragraph 12 of the Complaint.

## ANSWER TO SECOND CAUSE OF ACTION

10. In response to the allegations contained in paragraph 15 of the Complaint,

repeats and realleges the admissions, denials, and denials knowledge or information contained in paragraphs 1 through 9 of the Answer to the Complaint with the same force and effect as if repeated and set forth at length herein.

11.  Admits that on or about January 28, 2006, at the port of Antwerp, a shipment as described in the bill of lading was shipped on board the M/V STAR HANSA for transportation to Los Angeles, but except as so specifically admitted herein, denies the remaining allegations contained in paragraph 16 of the Complaint.

12.  Denies the allegations contained in paragraph 17, 19, and 20 of the Complaint.

13.  Admits that the shipment was discharged in Florida and transferred to a container for transportation to California, but except as so specifically admitted herein, denies the remaining allegations contained in paragraph 18 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

14.  The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

15.  Plaintiff is not the real party in interest and is not entitled to maintain this action in violation of Rule 17 of the Federal Rules of Civil Procedure.

### THIRD AFFIRMATIVE DEFENSE

16.  The shipments described in plaintiff's Complaint are subject to all the terms, conditions, and exceptions contained in certain bills of lading then and there issued therefore by which plaintiff, shippers, cargo owners, consignees, and holders of said bill of lading agreed to be and are bound. Any mis-delivery, non-delivery, non-conformance, shortage, loss or damage to the shipments, which defendant STAR expressly denies, was

due to causes for which defendant STAR is not liable or responsible by virtue of the provisions of the U.S. Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. 1300 *et seq.* approved April 16, 1936, the Harter Act, the provisions of the bill of lading, and/or the General Maritime Law and/or applicable foreign law and/or charter party and/or fixture agreement and/or the Hague Rules or the Hague-Visby Rules.

## FOURTH AFFIRMATIVE DEFENSE

17. Due diligence was exercised on the part of defendant STAR to make the Vessel and her appurtenances seaworthy, and to make all other parts of the vessel in which goods are carried, fit and safe for their reception, carriage, and preservation.

## FIFTH AFFIRMATIVE DEFENSE

18. If the shipments were damaged, which defendant STAR expressly denies, the damage was caused by or due to insufficiency of packaging or inadequacy of marks of the goods for which defendant STAR is not liable pursuant to §§ 1304(2)(n) and (o) of COGSA and by the terms of the contracts of carriage.

## SIXTH AFFIRMATIVE DEFENSE

19. Any damage to the shipments, which is expressly denied, was caused by, due to, or contributed to by inherent defect, quality or vice of the goods for which defendant STAR is not liable pursuant to § 1304(2)(m) of COGSA and by the terms of the contracts of carriage.

## SEVENTH AFFIRMATIVE DEFENSE

20. Plaintiff has failed to mitigate reasonably its alleged damages.

## EIGHTH AFFIRMATIVE DEFENSE

21. Any damage to the goods, which is expressly denied, was caused by, due

to or contributed to by an act or omission of the shipper or its agents or servants or owner of the goods for which defendant STAR is not liable pursuant to § 1304(2)(i) of COGSA and by the terms of the contracts of carriage.

### NINTH AFFIRMATIVE DEFENSE

22. The maximum liability of defendant STAR, if any, is $500 per package or per customary freight unit for goods not shipped in packages as agreed in the provisions of the bills of lading and pursuant to the provisions of COGSA, specifically § 1304(5).

### TENTH AFFIRMATIVE DEFENSE

23. If the shipments were damaged, which is expressly denied, said damage was caused in whole or in part by the contributory negligence of the plaintiff and/or its agents or servants, including but not limited to, the stevedores at the load port, trans-shipment port, and discharge port.

### ELEVENTH AFFIRMATIVE DEFENSE

24. If plaintiff's cargo sustained any loss or damage, which defendant STAR expressly denies, then such loss or damage resulted from a cause arising without the actual fault and privity of the carrier and without the fault or neglect of the agents or servants of the carrier, and the carrier is not liable pursuant to § 1304(2)(g) of COGSA.

### TWELFTH AFFIRMATIVE DEFENSE

25. If plaintiff's cargo sustained any loss or damage, which defendant STAR expressly denies, said loss or damage was caused by a peril, danger, or accident of the sea or other navigable waters for which the carrier is not liable pursuant to § 1304(2)(c) of COGSA and the terms of the contracts of carriage.

### THIRTEENTH AFFIRMATIVE DEFENSE

26.     The goods which are the subject of this action are presumed to be in the same condition when delivered to the receiver/consignee as when received by the carrier because plaintiff did not give timely written notice of damage under the provisions of the bills of lading and as required by § 1303(6) of COGSA.

### FOURTEENTH AFFIRMATIVE DEFENSE

27.     If the goods were lost or damaged, which is expressly denied, the loss or damage was caused by the act, neglect, or default of the master, mariner, pilot, or servants of the carrier in the navigation or in the management of the ship, and the carrier is not liable pursuant to § 1304(2)(a) of COGSA and the terms of the contracts of carriage.

### FIFTEENTH AFFIRMATIVE DEFENSE

28.     The Court lacks jurisdiction over the M/V STAR HANSA *in rem*.

### SIXTEENTH AFFIRMATIVE DEFENSE

29.     Plaintiff has failed to add an indispensable party pursuant to Rule 19 of the Federal Rules of Civil Procedure and, therefore, the action should be dismissed.

### SEVENTEENTH AFFIRMATIVE DEFENSE

30.     The Court lacks jurisdiction over defendant STAR *in personam*.

### EIGHTEENTH AFFIRMATIVE DEFENSE

31.     The bills of lading in question contain a forum selection clause, which requires all claims arising out of or under the bills of lading to be adjudicated in Norway. Thus, the action should be dismissed based on the forum selection clause in the bills of lading.

WHEREFORE, defendant STAR SHIPPING A/S prays:

a.  that judgment be entered in favor of defendant STAR SHIPPING A/S and against plaintiff, dismissing the Complaint herein together with costs and disbursements of this action; and

b.  that judgment be entered in favor of defendant STAR SHIPPING A/S herein for such other and further relief as the Court deems just and proper.

Dated: November 15, 2007

                                                        LYONS & FLOOD, LLP
                                                        Attorneys for Defendant
                                                        STAR SHIPPING A/S

By: _____
            Kirk M. Lyons (KL-1568)
            65 West 36th Street, 7th Floor
            New York, New York 10018
            (212) 594-2400

## CERTIFICATE OF SERVICE

Kirk M. Lyons, an attorney duly admitted to practice before this Honorable Court, affirms on this 15th day of November 2007, I served true copies of the foregoing, by U.S. Mail, first-class postage pre-paid, to:

TELL, CHESER & BREITBART
320 Old Country Road
Garden City, NY 11530
(516) 535-1550

_____
Kirk M. Lyons

U:\kmhldocs\2563035\Pleadings\Answer.doc